## WALTER MALONE v. STATE.

No. A-6872. Opinion Filed Nov. 30, 1929.
(283 Pac. 255.)

Rummons & Hughes, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Kiowa county on a charge of having unlawful possession of a whisky still, and his punishment fixed at a fine of $100 and confinement in the county jail for a period of 30 days.

The facts, briefly stated, disclose that three deputy sheriffs of Kiowa county, some time prior to the trial, went to the place where the defendant was then residing upon an Indian lease, armed with a search warrant for the residence and premises of the defendant; that they searched his residence and found a quart of whisky and some fruit jars that had been used for whisky and found a still away from the house. The still was four feet long and two feet across—about a 30-gallon still with the top attached to it. There had been a fire under the still, but the officers could not tell how recently the same had been used.

The defendant assigns 6 grounds of error, all of which go to the sufficiency of the evidence and to the admission of the same, or to the error of the court in overruling the motion for a directed verdict in favor of the defendant and the overruling of the motion for new trial. The defendant really presents but one question, the sufficiency of the evidence. There is no dispute about the finding of the still or the fact that it was located on the premises of the defendant nor of the finding of the liquor. The search of the premises having been made on the same day under the same warrant, the state elected to prosecute the defendant for the possession of a still rather than for the possession of liquor.

This court has so often held that, where there is any competent evidence in the record supporting the verdict of the jury, the cause will not be reversed for insufficient evidence, it is unnecessary to cite authorities.

There being sufficient evidence in the record to support the verdict of the jury, the cause is affirmed.